UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUSTAVE LIPMAN, as Executor of the
ESTATE OF IRA LIPMAN,

                 Plaintiff,

v.

ARTHUR J. GALLAGHER RISK
MANAGEMENT SERVICES, LLC,

                 Defendant.

Case No. 1:24-cv-8656-MKV

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/8/2026

Mary Kay Vyskocil, United States District Judge:

WHEREAS, Plaintiff Gustave Lipman, as Executor of the Estate of Ira Lipman and Defendant Arthur J. Gallagher Risk Management Services, LLC (collectively, "Parties" and individually, "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

IT IS HEREBY STIPULATED AND ORDERED that:

1.     This Stipulated Confidentiality Agreement and Protective Order shall govern the handling of all information, material and documents disclosed during the course of this litigation.

2.     Counsel for any Party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is commercially sensitive, private or otherwise sensitive non-public, personal information, and/or proprietary information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

3.      The Confidential Information disclosed will be held and used by the Party receiving such information solely for use in connection with this action.

4.      Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.  The requesting Party and counsel, including in-house counsel;

    b.  Employees of such counsel assigned to and necessary to assist in the litigation;

    c.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    d.  Any mediator agreed to by the parties;

    e.  Deponents or witnesses whom counsel for an examining Party believes in good faith have a need to review such material;

    f.  Stenographers engaged to transcribe depositions conducted in this action; and

    g.  The Court and its support personnel.

The Parties shall meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

5.      The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information.  If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulated Confidentiality Agreement and Protective Order.

6.      Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the producing Party a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly, counsel

2

for the Parties shall address their dispute to this Court in accordance with paragraph 3(D) of this Court's Individual Practices.

7.      Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The Parties shall follow the Court's procedures for requests for filing under seal.

8.      Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection from discovery in this case or in any other federal or state proceeding ("Inadvertently Disclosed Information").

9.      If a disclosing Party makes a claim of inadvertent disclosure, the receiving Party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court.  The receiving Party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

10.     Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.  The disclosing Party retains the burden of establishing the privileged or protected nature of any information.  Nothing in this Order shall limit the right of any Party to request an *in camera* review of the Inadvertently Disclosed Information.

11.     At the conclusion of this litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 60 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or certified as destroyed, except that the Parties'

3

counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

13. The provisions of this Stipulated Confidentiality Agreement and Protective Order may be modified by agreement of the Parties, and this Stipulated Confidentiality Agreement and Protective Order is without prejudice to the rights of any Party to move for relief from any of its provisions, or to seek or agree to different or additional terms for any particular material.

14. This Order will survive termination of the litigation and will continue to be binding upon all persons to whom Confidential Information is produced or disclosed.

15. ~~This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligation arising hereunder or to impose sanctions for any contempt thereof.~~

SO STIPULATED AND AGREED

Dated: January 8, 2026
New York, New York

| | |
|---|---|
| */s/ Joshua I. Schiller* | */s/ Samuel J. Thomas* |
| Joshua I. Schiller, Esq. | Samuel J. Thomas, Esq. |
| Benjamin Margulis, Esq. | Lauren H. Sobotka, Esq. |
| BOIES SCHILLER FLEXNER LLP | THOMAS KADIAN LLC |
| 55 Hudson Yards | 11 Broadway, Suite 615 |
| New York, New York 10001 | New York, New York 10004 |
| Tel: (212) 446-2300 | Tel: (646) 970-6420 |
| jischiller@bsfllp.com | sthomas@thomaskadian.com |
| bmargulis@bsfllp.com | lsobotka@thomaskdian.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

SO ORDERED.

_____  Jan. 8, 2026
MARY KAY VYSKOCIL
United States District Judge

4