

May 5, 2026

**VIA ECF**

Hon. Mary Kay Vyskocil
United States District Court Southern District of New York
500 Pearl Street, Courtroom 18C
New York, NY 10007

> **RE:** ***Lipman v. Arthur J. Gallagher Risk Management Services, LLC***
> **Case No. 24-cv-8656-MKV (S.D.N.Y.)**

Dear Judge Vyskocil,

Plaintiff Gustave Lipman (in his capacity as Executor for the Estate of Ira Lipman) and Defendant Arthur J. Gallagher Risk Management Services, LLC (together, the "Parties") jointly submit this letter-motion to respectfully seek an adjournment of the deadline for the parties to file their respective for pre-motion submissions regarding any anticipated motions for summary judgment. Pursuant to the Court's scheduling order [ECF No. 24], as subsequently modified on February 2, 2026 [ECF No. 29], the deadline for "pre-motion submissions for MSJ" is May 8, 2026, which is just four days after the formal end of fact discovery on May 4, 2026. The Parties request that this pre-motion submission date be adjourned either by two weeks (to May 22), or to one week before the upcoming July 16, 2026 Post-Discovery Conference (which would be in line with the timing for such submissions specified in Your Honor's Individual Rules of Practice in Civil Cases, Rule 4(A)(i)). Relatedly, the Parties also request that the July 16, 2026 Post-Discovery Conference ("PDC") itself be rescheduled, either for an earlier date in late June or, if not convenient for the Court, to a later date of the Court's choosing.

The Parties wish to make clear that they are not seeking an extension of either the fact or expert discovery end-dates; they are only seeking an adjournment of the deadline for "pre-motion submissions for MSJ" and a rescheduling of the PDC itself. [ECF No. 29.] The Parties are also not seeking to adjourn the submission date of the joint status letter on discovery, which is also set for May 8, 2026. [ECF No. 29.]

*Request to Adjourn the Pre-Motion Letter Submission Date*

The Parties submit that an adjournment of the May 8, 2026 submission date is appropriate for the following reasons:

*First*, Rule 4(A)(i) of Your Honor's Individual Rules of Practice in Civil Cases specifies that if a party contemplates a motion for summary judgment under Rule 56, that party's pre-motion letter "must be accompanied by a copy of the movant's Rule 56.1 statement" and any letter in opposition to a contemplated summary judgment filing "must attach the non-movant's Rule 56.1 Counter-Statement." Indiv. Rules 4(A)(i). Currently, the February 2, 2026 Order sets the due date



for pre-motion letters (and their accompanying Rule 56.1 statements) just four days after the formal close of fact discovery.

*Second*, on account of witness availability and the attorneys' trial schedules, several depositions are still outstanding—the parties have agreed on dates, and are working to complete them expeditiously. While the parties had intended to complete their first-party depositions on Thursday, May 7, an unexpected medical matter has arisen for one of the attorneys that now requires the first-party deposition to conclude either on May 8 itself or, potentially, at the start of next week (*e.g.*, Monday, May 11). As a result, final transcripts for these depositions are not yet available and any Rule 56.1 statement prepared without such final transcript would be partially deficient due to a lack of final and/or correct citations to the factual record.

*Third*, both Parties are currently waiting on discovery from third parties, including AIG. Both parties timely served subpoenas on AIG for documents and are also seeking a deposition of an AIG employee. Discussions with AIG about who will sit for depositions and when are ongoing, and AIG has confirmed that it is collecting and will produce responsive documents. Two other third-parties are also still producing materials in response to subpoenas.

*Fourth*, expert discovery is not set to close until July 6. The current pre-MSJ letter deadline therefore requires the Parties to make their submissions without the full benefit of expert opinions, reports, or deposition testimony (to the extent such material would be relevant to any potential motions for summary judgment).

In light of the above, the Parties believe that good cause exists to adjourn the May 8, 2026 pre-MSJ letter submission date to permit the Parties to complete depositions, obtain third party discovery, and draft complete pre-motion submissions based on all available discovery. More specifically, the Parties submit that the pre-MSJ submission date should be adjourned to harmonize with Your Honor's Individual Rules, which state that "[p]re-motion letters concerning a motion for summary judgment must be filed one week in advance of the Post-Discovery Conference." Indiv. Rules 4(A)(i). Specifically, the Parties respectfully request that the Court adjourn the May 8 date until May 22 (*i.e.*, by two weeks) or until one week before the PDC (the date of which is addressed below).

<u>*Request to Alter the Date of the Post-Discovery Conference*</u>

The Post-Discovery Conference is currently scheduled for July 16, 2026, at 11 am. [ECF No. 29.] Plaintiff's lead counsel, Joshua I. Schiller, is currently unable to attend due to a personal obligation that he is unfortunately unable to reschedule or ignore in favor of the PDC and that will take him out of the country from June 27 through July 19. As a result, the Parties jointly request that the date of the PDC be hanged to a date in late June 2026. If, however, a date in late June is not convenient for the Court, Plaintiff requests an adjournment of the PDC date to the next convenient date for the Court. (Defendant does not join in the request to adjourn the conference to a later date.)

*    *    *

2



The Parties met and conferred by phone regarding the request to adjourn the May 8, 2026 pre-MSJ submission date and the request to reschedule the PDC. This letter is being filed jointly by the Parties as a result of their meeting and conferring.

For the reasons set forth above, the Parties believe that good cause exists to (a) change the date of the upcoming Post-Discovery Conference currently scheduled for July 16, 2026 and (b) in any case adjourn the pre-MSJ letter submission date from May 8, 2026 either by two weeks to May 22, or to date that is one week before the PDC (or, if the Court disagrees, another date of the Court's selection that permits the Parties to complete depositions and obtain the outstanding third-party discovery).

We thank the Court for its continued attention to this matter.

Respectfully Submitted,

*/s/ Joshua I. Schiller*
*Counsel for Plaintiff*

*/s/ Samuel J. Thomas*
*Counsel for Defendant*

The PDC is ADJOURNED to July 30, 2026 at 11:00 a.m. Pre-motion submissions for any pretrial motions (other than motions *in limine*) are due one week before the PDC.

The Clerk of Court respectfully is requested to terminate ECF No. 30.

Date:  May 6, 2026
New York, New York

Mary Kay Vyskocil
United States District Judge

3